UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-4972(DSD/BRT

Juan Bautista Berenguer,

        Plaintiff,

v.                                                          **ORDER**

Anoka County; City of Bloomington;
City of Brooklyn Park; Blue Earth
County; Carver County; City of
Centerville; City of Champlin;
City of Circle Pines; City of Coon
Rapids; Crow Wing County; Douglas
County; City of Eden Prairie;
Fillmore County; City of Hutchinson;
City of Keewatin; City of Lester Prairie;
City of Lexington; City of Maple Grove;
McLeod County; City of Melrose;
City of Minneapolis; City of New Hope;
City of New Prague; Ramsey County;
City of Red Wing; City of Richfield;
City of Rochester; City of Roseau;
City of St. Anthony; City of Sauk
Centre; City of Savage; Scott County;
City of Shakopee; Sherburne County;
Stearns County; City of Virginia;
Michael Campion, in his individual
capacity as the Commissioner of
the Department of Public Safety;
Ramona Dohman, in her individual
capacity as the Commissioner of the
Department of Public Safety John and
Jane Does (1 - 200) acting in their
individual capacity as supervisors,
officers, deputies, staff, investigators,
employees or agents of the other
governmental agencies; Department of
Public Safety Does (1-30)acting in
their individual capacity as officers,
supervisors, staff, employees,
independent contractors or agents
of the Minnesota Department of
Public Safety and Entity Does (1-50)
including cities, counties, municipalities,
and other entities sited in Minnesota,

        Defendants.

Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., Jonathan A. Strauss, Esq. and Sapientia Law Group PLLC, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402, counsel for plaintiff.

Bryan D. Frantz, Esq., and Anoka County Attorney's Office, 2100 3rd Avenue, Anoka, MN 55303, counsel for Anoka County.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., Susan M. Tindal, Esq. and Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for Cities of Bloomington, Brooklyn Park, Centerville, Champlin, Circle Pines, Coon Rapids, Eden Prairie, Hutchinson, Keewatin, Lester Prairie, Lexington, Maple Grove, Melrose, New Hope, New Prague, Redwing, Richfield, Rochester, Roseau, St. Anthony, Sauk Centre, Savage, Shakopee and Virginia.

Erin E. Benson, Esq., Margaret A. Skelton, Esq., Timothy A. Sullivan and Ratwik, Roszak & Maloney, PA, 730 2nd Avenue South, Suite 300, Minneapolis, MN 55402, counsel for the counties of Blue Earth, Carver, Crow Wing, Douglas, Fillmore, McLeod, Scott, Sherburne and Stearns.

Kimberly R. Parker, Esq., Robert B. Roche, Esq. and Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101, counsel for Ramsey County.

Tracey N. Fussy and Office of the City Attorney, 350 South Fifth Street, City Hall, Room 210, Minneapolis, MN 55415, counsel for City of Minneapolis.

Oliver J. Larson, Esq., Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, St. Paul, MN 55101, counsel for Michael Campion and Ramona Dohman.

This matter is before the court upon the motions to dismiss by defendants[1] and the motions to sever by all defendants except Anoka County and the Commissioner Defendants.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions to dismiss and denies as moot the motions to sever.

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Juan Bautista Berenguer between 2005 and 2011.  Compl. ¶ 2.  Berenguer is a well-known former Major League Baseball player, who pitched for several teams including the 1987 world champion Minnesota Twins.  Id. ¶¶ 59-65.  After retiring in 1992, Berenguer settled in Minnesota.  Id. ¶ 66.  Berenguer has remained in the public eye by appearing in television commercials and participating in charity events around the Twin Cities.  Id. ¶¶ 69-71.

---

[1]   Defendants include the cities of Bloomington, Brooklyn Park, Centerville, Champlin, Circle Pines, Coon Rapids, Eden Prairie, Hutchinson, Keewatin, Lester Prairie, Lexington, Maple Grove, Melrose, Minneapolis, New Hope, New Prague, Red Wing, Richfield, Rochester, Roseau, St. Anthony, Sauk Centre, Savage, Shakopee, and Virginia; the counties of Anoka, Blue Earth, Carver, Crow Wing, Douglas, Fillmore, McLeod, Ramsey, Scott, Sherburne, and Stearns; Michael Campion and Ramona Dohman, acting in their individual capacities as Commissioner of the Minnesota Department of Public Safety; and unknown persons and entities.

The Department of Public Safety (DPS) makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle Services (DVS) database. Id. ¶¶ 78-79. In May 2014, Berenguer requested an audit of his DVS motor vehicle record from DPS. Id. ¶ 322. The audit showed that the record had been accessed more than 125 times since 2005 from facilities maintained by defendant counties and cities. See id. ¶ 327; id. Ex. A. A separate audit showed that Berenguer's children's records were simultaneously accessed on several occasions.[2] See id. Exs. G and H.

The record included Berenguer's address, photograph, date of birth, weight, height, eye color, driver identification number, social security number, and medical and donor information. Compl. ¶¶ 79, 237, 403. Berenguer alleges that there was no legitimate purpose for each access, and that the Commissioner Defendants "disclosed ... [his] [p]rivate [d]ata ... by devising and implementing ... the DVS database." Id. ¶ 281.

On December 10, 2014, Berenguer filed suit, alleging a claim under the Driver's Privacy Protection Act (DPPA). Defendants moved to dismiss, and all defendants except Anoka County and the Commissioner Defendants also moved to sever. At the same time, nearly identical cases alleging violations of the DPPA were appealed to the Eighth Circuit Court of Appeals. Rather than rule

---

[2]   Berenguer's children are not plaintiffs in this case.

on the instant motions during those appeals, the court informally stayed the matter until final resolution by the Eighth Circuit.

On August 20, 2015, the Eighth Circuit decided <u>McDonough v. Anoka County</u>, 799 F.3d 931 (8th Cir. 2015), and related cases.[3] Among other things, the Eighth Circuit (1) concluded that the statute of limitations for DPPA violations begins to run when the violations occurred; (2) held that claimants did not have a viable DPPA claim against the DPS commissioners; and (3) established the framework for analyzing the plausibility of similar DPPA claims. <u>Id.</u> at 943, 946-47, 955-56.  Recently, the Eighth Circuit ruled in other similar cases, reiterating and clarifying its holdings in <u>McDonough</u>.  See <u>Tichich v. City of Bloomington</u>, No. 14-3151, 2016 WL 4547350 (8th Cir. Sept. 1, 2016).

At the court's request, the parties submitted supplemental briefing addressing how the plausibility analysis in this case is affected by the Eighth Circuit's recent decisions.  Berenguer concedes that under <u>McDonough</u> and <u>Tichich</u>, only his claims against the cities of Bloomington and Shakopee remain for consideration. There are two timely accesses by Bloomington and one by Shakopee.[4]

---

[3]   The Eighth Circuit denied the subsequent petition for rehearing en banc.  Appellants then petitioned the United States Supreme Court for a writ of certiorari.  The Court denied the petition on May 31, 2016.

[4]   The Eighth Circuit has held that "sequential accesses occurring within a several-minute time span should be considered as one obtainment rather than several."  <u>Tichich</u>, 2016 WL 4547350, at *2.  Accordingly, Bloomington's four accesses on December 10, 2010,

**DISCUSSION**

## I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

## II.   Plausibility of DPPA Claims

The DPPA provides that "[i]t shall be unlawful for any person

---

between 2:14 p.m. and 2:16 p.m. are considered one obtainment. Compl. Ex. A at 4.  Likewise, Bloomington's two accesses on January 20, 2011, at 9:35 a.m. are one obtainment.  Id. at 5.

knowingly to obtain or disclose personal information,[5] from a motor vehicle record, for any use not permitted under section 2721(b)[6] of this title." 18 U.S.C. § 2722. Under the DPPA, any "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." Id. § 2724(a). Berenguer alleges that defendants either obtained or disclosed his information without a permitted purpose.

Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose. McDonough, 799 F.3d at 946. As discussed, the Eighth Circuit recently provided guidance as to what kinds of facts are sufficient to establish a plausible DPPA violation for pleading purposes. The court held that each defendant's "alleged conduct must be assessed independently to ensure that [plaintiffs] have pleaded sufficient facts regarding [the defendant's] impermissible

---

[5] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver identification number, name, address ..., telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

[6] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities, and bulk distribution of surveys and marketing materials. 18 U.S.C. § 2721(b).

purpose to state a facially plausible claim to relief against that [d]efendant." Id. "[A]llegations concerning data accesses that do not themselves constitute violations because they are barred by the statute of limitations still may be considered in assessing the plausibility of timely claims." Id. The court further held that "generalized allegations" merely consistent with liability are insufficient to plausibly allege entitlement to relief. Id. at 947. "[S]omething more is needed to nudge the allegations across the line of plausibility and tie the conduct of specific Defendants to a more general inference of impermissible purpose." Id. Complaints with "something more" fall within one of the following three categories:

> 1) accesses on the same day as or within a few hours of accesses by other, unrelated entities during the limitations period; 2) multiple late-night accesses during the limitations period; or 3) a history of frequent suspicious accesses fitting the above criteria, even if prior to the limitations period, coupled with accesses within the limitations period.

Tichich, 2016 WL 4547350, at *2 (citing McDonough, at 950).[7]  Only the third category is at issue here because the record shows that there were no accesses on the same day as or within a few hours of

---

[7]  Courts also consider whether (1) there were a large number of total accesses, (2) the claimant committed no crimes that would justify the accesses, (3) a degree of local fame that could explain interest in the claimant's record, and (4) the legislative auditor's report on the misuse of the DVS database. McDonough, 799 F.3d at 947-50.  There is no dispute that Berenguer has adequately pleaded each of these factors.

accesses by unrelated entities during the limitations period, nor were there multiple late-night accesses during the limitations period.

Berenguer argues that he has adequately pleaded a claim against both Bloomington and Shakopee because the audit reflects suspicious access patterns by both cities.  The court disagrees. As for Shakopee, the court has reviewed the audit and concludes that there were no "frequent suspicious accesses" at all, let alone within the limitations period.  Between 2005 and 2011, there were a total of four isolated accesses, only one of which occurred in the early morning hours.  <u>See</u> Compl. Ex. A at 1, 3-5.  The fact that someone from Shakopee accessed information about Berenguer and his daughter close in time on one occasion outside the limitations period is insufficient to "nudge the allegations across the line of plausibility."  <u>McDonough</u>, 799 F.3d at 947.

Bloomington's accesses were more frequent, but they also fail to meet the standard established by the Eighth Circuit.  The accesses simply do not "reveal a suspicious pattern of timing, frequency, or source-point."  <u>Tichich</u>, 2016 WL 4547350, at *4. First, there were eleven accesses in six years, only two of which fall within the limitations period.  <u>See</u> Compl. Ex. A.  Second, five different users from Bloomington accessed Berenguer's data at different times and different days of the week over the six-year span.  <u>See</u> <u>id.</u>  Third, the timing and frequency of the accesses are

also inconsistent.  They occurred at different times throughout the day and evening, and only three occurred in the early morning hours - once each in 2006, 2007, and 2010.  <u>See</u> <u>id.</u> at 1, 2.  Nor is there any pattern of close-in-time searches by other law enforcement agencies.

Berenguer argues that he has met the pleading standard because there are instances in which (1) different users accessed his record close in time, and (2) his children's records were simultaneously accessed.  Neither fact is sufficient.  On two occasions, one in 2006 and the other in 2007, two different users accessed Berenguer's record within a few minutes of each other. <u>See</u> <u>id.</u> at 2.  Although such accesses could reflect a concerted effort to obtain Berenguer's record impermissibly, the instances are too few and far between to constitute a pattern of suspicious accesses.  The same is true with respect to the accesses of Berenguer's record along with those of his children.  Those accesses occurred many months or years apart and only one of them occurred within the limitations period. <u>See</u> Compl. Exs. A, G, and H.  Under these circumstances, the court cannot conclude that Berenguer has pleaded "frequent suspicious accesses" by Bloomington.  Dismissal of the timely DPPA claims against Bloomington and Shakopee is warranted.

## III.  Severance

Bloomington and Shakopee also move for severance pursuant to Rule 20.  Because the court has determined that Berenguer fails to state a claim, the motions to sever are denied as moot.


### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motions to dismiss [ECF Nos. 11, 26, 30, 34, 40, and 45] are granted; and

2.    The motions to sever [ECF Nos. 30, 34, 40, 45] are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 30, 2016


s/David S. Doty
David S. Doty, Judge
United States District Court